USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TYRONE SIMMONS,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------- X

**ORDER ISSUING CERTIFICATE OF APPEALABILITY**

16 Civ. 4797 (AKH)
08 Cr. 1133 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On November 15, 2019, I issued an order denying Petitioner Tyrone Simmons's 28 U.S.C. § 2255 petition to vacate his conviction for brandishing a firearm in furtherance of a crime of violence. *See* ECF No. 164. Now before me is Petitioner's request that the Court issue a certificate of appealability ("COA") pursuant to Federal Rule of Appellate Procedure 22. *See* ECF No. 165; Fed. R. App. P. 22(b) ([I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a . . . district judge issues a [COA] under 28 U.S.C. § 2253(c)); Second Circuit Local Rule 22.1. Petitioner seeks a COA as to two of the Court's rulings:

1. First, the Court's holding "that the underlying predicates for Mr. Simmons' [18 U.S.C.] § 924(c) plea were both Hobbs Act robbery conspiracy and attempted Hobbs Act robbery. Although the plea agreement recited only Hobbs Act robbery conspiracy as the underlying offense [with respect to the § 924(c) charge], the charging document recited both as the bases for the 924(c) charge." ECF No. 165, at 2.

2. Second, the Court's holding "that attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)." ECF No. 165, at 2.

Petitioner's request for a COA is granted. Although I believe that my rulings are correct, "reasonable jurists," as Petitioner argues in his November 15 letter, *see* ECF No. 165, might find otherwise. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (reasonable jurists need only find the matter "debatable"); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 ("[A] COA does not require a showing that the appeal will succeed.").

I hereby issue a COA on the two issues described above, permitting Petitioner to appeal these issues to the Second Circuit. The Clerk is directed to terminate the open motion (ECF No. 165) and close the case.

SO ORDERED.

Dated: November 19, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge