**STEPHANIE M. CARVLIN, ESQ.**
140 Broadway, Suite 4610
New York, New York 10005

STEPHANIE M. CARVLIN,
ATTORNEY AT LAW

TELEPHONE: 917-549-0873
FAX: 212-608-9499
E-MAIL: CARVLIN@HOTMAIL.COM

June 15, 2023

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Tyrone Simmons,*
08-cr-1133 (AKH)

Dear Judge Hellerstein:

*[Handwritten annotation:* The Court is willing to conduct the re-sentencing remotely. Def't's counsel shall make the necessary arrangements with the Eastern Correctional Facility and provide the limits reasonably before the re-sentencing date, July 6, 2023 at 11:30 a.m. 6/15/23 /s/ AKH Hellerstein*]*

Tyrone Simmons is scheduled to be resentenced by the Court on July 6, 2023, at 11:30 a.m. I write to request that his resentencing be held by videoconference. Mr. Simmons is in state custody serving a sentence. He is being held at Eastern Correctional Facility. While the government could bring Mr. Simmons into federal custody through an appropriate writ, he has asked that he not be required to be physically present in the Southern District for his resentencing. He advises me that he has a serious injury to his elbow (surgery is pending), which makes travel difficult. I have spoken to Mr. Simmons about this twice on the telephone. I am confident that his desire to waive his right to be physically present is made knowingly and intelligently, and he will suffer no disadvantage by participating by videoconference. He will be prepared to orally waive his right to be present during the resentencing hearing.

This Court has the authority to permit Mr. Simmons to be resentence in this manner under Federal Rule of Criminal Procedure 43(c)(1)(B).[1] See *United States v. Salim*, 690 F.3d 115, 121 (2d Cir. 2012)(in "non-capital case, a defendant may waive his right to be present as long as that waiver is knowing and voluntary[ ]").

---

[1] Rule 43 provides in relevant part as follows: (c) Waiving Continued Presence.

(1) *In General.* A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:

(B) in a noncapital case, when the defendant is voluntarily absent during sentencing[.]

I have consulted with the Assistant U. S. Attorney who is representing the government in this case, and the government has no objection to this request.

Respectfully submitted,

_____/s/_____
Stephanie Carvlin

cc: AUSA Robert Sobelman (via email and ECF)