**STEPHANIE M. CARVLIN, ESQ.**
71 Hudson Street
Suite 5
New York, New York  10013

STEPHANIE M. CARVLIN,                    TELEPHONE: 917-549-0873
ATTORNEY AT LAW                          FAX: 212-608-9499
                                         E-MAIL: CARVLIN@HOTMAIL.COM

November 17, 2025

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10013

Re:    *United States v. Simmons*
       08-cr-1133 (AKH)

In a mandate filed on April 3, 2023, the Second Circuit vacated Tyrone Simmons' conviction under 18 U.S.C. §924(c) in light of the United States Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2015), and remanded to this Court for resentencing. Prior to the sentence hearing, this Court had ordered that United States Probation prepare a new Presentence Investigation Report (PSR). As counsel for Mr. Simmons', I objected both in written submissions to Probation and to this Court and during the sentence hearing to references in the revised PSR to the now-vacated 924(c) conviction. I also asked the Court to order Probation to eliminate references to charges of which Mr. Simmons had been acquitted.

This Court resentenced Mr. Simmons on July 21, 2023. During the sentence hearing, the Court, recognizing the importance that the Bureau of Prisons places on the information in the PSR ordered Probation to amend the PSR as I had requested . (THE COURT: I know. I understand because this travels with him ---).[1]

On April 25, 2025, of this year, Probation filed the amended PSR[2] this Court had directed Probation to prepare during the resentence hearing. As ordered by the Court, Probation omitted references to the charges of which Mr. Simmons had been acquitted

---

[1]Transcript of July 21, 2023 resentence hearing, PACER Doc. 179 at 9, attached hereto as Exhibit A.

[2]Attached hereto as Exhibit B.

(formerly detailed in ¶¶148 and 149 of the revised PSR) . However, Probation did not eliminate the references to the vacated 924(c) charge.

Mr. Simmons anticipates that he will complete his state sentence and be transferred to federal custody within the foreseeable future. As a result, I write to request that the Court order Probation to amend the revised PSR (of April 25, 2025), as follows:

- Eliminate ¶46 to remove the reference to Count 3 (Using and Carrying a Firearm in Relation to a Crime of Violence);
- Eliminate ¶49, which discusses Mr. Simmons' vacated conviction as part of the PSR's grouping analysis.
- Eliminate ¶174, which discusses the required sentence for the vacated count;
- Amend ¶175 to eliminate the reference to the vacated count. The amended paragraph would read as follows: **"Guidelines Provisions:** Based on a total offense level of 31 and a Criminal History Category of III, the Guidelines range of imprisonment is 135 to 168 months."
- Eliminate ¶178, which lists the term of Supervised Release for the vacated conviction;
- Eliminate ¶181, which states the Guideline Provisions for the vacated conviction;
- Eliminate ¶183, which discusses whether Mr. Simmons is eligible for probation on the vacated conviction;
- Amend ¶185, which discusses the possible fines for the offenses, to eliminate the reference to Count 3, the vacated count;
- Change the amount of the special assessment in ¶186, to $200 from $300;
- Eliminate the references to the vacated count on page 36, which discusses statutory provision, guidelines provision and recommended sentences;
- Eliminate the reference to the vacated count on page 36, which states probation's sentencing recommendation and reduce the amount of the required special assessment from $300 to $200.

I have spoken with the Assistant United States Attorney who is representing the government in this matter, and the government has no objection to this request.

Respectfully submitted,


_____/s/_____-
Stephanie M. Carvlin
Counsel for Tyrone Simmons


cc: AUSA Robert Sobelman (via ECF)

2